David Swain MILNER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

July 22, 1983.

Burr J. Travis, Florence, for appellant.

Steven L. Beshear, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, REYNOLDS and WHITE, JJ.

HOWERTON, Judge.

Milner entered a plea of guilty to 105 counts of theft by unlawful taking over $100.00. He was sentenced by the Boone Circuit Court to serve three five-year consecutive terms for a total of fifteen years. All of the remaining counts were to be served concurrently with the consecutive terms. Milner argues that the maximum term he could receive was 10 years.

KRS 532.110(1)(c) reads, "The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed." Milner's offenses were all Class D felonies. KRS 532.080(4)(c), which was adopted at the same time as KRS 532.110, reads, "If the offense of which he presently stands convicted is a Class C or Class D felony, a persistent felony offender shall be sentenced to an indeterminate term of imprisonment, the maximum of which shall not be less than ten (10) years or more than twenty (20) years." It is very clear that 20 years would be the maximum sentence which Milner could receive.

The previously quoted statute made no provision for any class of persistent felon. The basis for Milner's argument arises from the fact that KRS 532.080 was amended in 1976 to provide for first and second-degree persistent felony offenders. The maximum sentence for a second-degree PFO with a current conviction for a Class D felony is 10 years. KRS 532.080(5) and KRS 532.-060(2)(c). However, we see no necessity to become entwined with arguments regarding degrees of persistent felons because the real issue merely involves consecutive terms for multiple sentences. Milner was not a persistent felon in any degree. He was a first offender with 105 convictions and sentences for Class D felonies. KRS 532.080, as amended, also establishes 20 years as the maximum indeterminate term for a Class D felony. KRS 532.080(6)(b). It is true that the 20-year maximum is what is applicable to a first-degree persistent felony offender, but it is nevertheless the maximum length for an extended term which is authorized by KRS 532.080, as is allowed under KRS 532.110.

The 15-year cumulative sentence was proper, and the judgment of the Boone Circuit Court is, therefore, affirmed.

All concur.

**O.S., Jr. and J.A.S., Appellants,**