James I. DAWSON, Sr.,
Appellant/Cross–Appellee,

v.

COMMONWEALTH of Kentucky,
Appellee/Cross–Appellant.

Nos. 87–SC–867–MR, 88–SC–144–MR.

Supreme Court of Kentucky.

Sept. 8, 1988.

Joseph S. Freeland, Freeland & Megibow, Paducah, for appellant/cross-appellee.

Frederic J. Cowan, Atty. Gen., Carol C. Ullerich, Asst. Atty. Gen., Frankfort, for appellee/cross-appellant.

WINTERSHEIMER, Justice.

This appeal is from a judgment, based on a jury verdict which convicted Dawson of possession of a Schedule II narcotic controlled substance, trafficking in a Schedule III non-controlled substance; possession of a Schedule IV non-narcotic substance, and as a second degree persistent felony offender. He was sentenced to ten years imprisonment and fined $10,000 on the Schedule II offense; he was sentenced to ten years and a $10,000 fine for the Schedule III offense and his sentence for the PFO charge was 20 years imprisonment in lieu of punishment for the Schedule II offense of possession to run consecutively with the sentence on the trafficking offense. His total sentence was for 30 years and a fine of $10,000.

The questions presented are whether the evidence supports a conviction of trafficking in talwin; whether he was in possession of any of the controlled substances; whether the chain of custody was complete and

whether the consecutive sentences exceeded the limit of the law.

Paducah police obtained a search warrant for and searched a two-story building containing the Ebony Club on the first floor and an apartment on the second. A stairway connects the two floors and there is a common kitchen located between the first and second floor. The search revealed a number of pills in the apartment area. Nineteen demoral were found in a night stand, 12 percodan were found in another night stand, and a preludin was found under a dresser. Eighteen talwin were found underneath an aluminum foil ceiling in the stairway which lead from the apartment to the kitchen and 4 valium were found on the kitchen stairs. Upon conviction this appeal followed and the Commonwealth filed a cross-appeal in regard to the refusal of the trial judge to impose a second $10,000 fine.

This Court affirms the convictions but remands for resentencing.

Dawson argues that the prosecution offered insufficient proof that he trafficked in talwin, a Schedule III substance. We disagree.

The proof indicated that a variety of drugs were seized from the apartment. Police found 19 demoral, 12 percodan, 18 talwin and 4 valium. During the search the police observed Dawson looking at the ceiling several times. The officers peeled the aluminum foil from the ceiling to discover the 18 loose talwin tablets. The other pills were found scattered around the apartment and in the bedroom night stands. None were in labeled prescription containers.

■■■ The number of pills which constitute a quantity that is inconsistent with personal use has not been legally or medically defined. *Whisman v. Commonwealth*, Ky.App., 667 S.W.2d 394 (1984), in which 136 talwin were seized, sustained a conviction for trafficking in only 3 percodan. *Whisman, supra,* listed several other factors which convinced our court the evidence taken as a whole was sufficient to uphold the trafficking conviction. Here there was a large quantity of drugs not found in any labeled prescription container

with the talwin tablets concealed behind aluminum foil covering the ceiling. The mere possession of several controlled substances not in prescription containers is sufficient to sustain a charge of unlawful possession of a controlled substance. The fact that some of the controlled substances were in night stands and other easily discernible places but one substance was secreted and hidden in a cache in the ceiling is so incongruous as to justify a jury to believe that that particular substance was possessed, not for personal use, but for the purpose of sale.

■■■ The evidence indicated that Dawson exercised dominion and control over the premises sufficient to establish constructive possession. *Rupard v. Commonwealth*, Ky. 475 S.W.2d 473 (1971). The search of the apartment revealed numerous letters addressed to Dawson, an identification card with his picture, insurance papers in his name and bills belonging to him. There were a number of items of male clothing and hat boxes belonging to Dawson. Utilities for the apartment, including water, electricity, telephone, cable TV and postal service were still registered in his name even though he claimed to have moved several months earlier. The only utility not in his name, gas, was transferred to the name of his co-defendant five months after he claimed to have moved from the apartment. There was testimony that Dawson regularly left the club between 4:30 and 4:45 a.m. even though the bar was closed and no one else was there. The totality of the evidence was sufficient for the jury to find Dawson was in possession of the premises and the narcotics seized on the premises.

The prosecution sufficiently proved the integrity of the chain of evidence seized from the Dawson apartment under the standard found in *Pendland v. Commonwealth*, Ky. 463 S.W.2d 130 (1971).

■■■ The trial judge incorrectly ordered Dawson to serve consecutive sentences. This 30-year sentence violates KRS 532.-110(1)(c) which limits the "aggregate of consecutive indeterminate terms" to "the

longest extended term which would be authorized by KRS 532.080 (PFO sentencing) for the highest class of crime for which any of the sentences is imposed." His crime of possession of a Schedule II narcotic, second offense, subsequently enhanced, was a Class C felony. PFO enhancement elevated the possession conviction to a Class B felony for which the maximum penalty is 20 years. This matter must be remanded for resentencing for all three offenses to a maximum term of 20 years.

■ The trial judge correctly determined that the $10,000 originally assessed by the jury on the possession of talwin conviction no longer applied once the sentence was enhanced under the PFO statute. The prosecution elected to seek the penalties under the PFO statute rather than KRS 218A.990. They cannot select penalties under both statutes, absent a clear indication by the statutes.

Dawson can be sentenced to ten years for possession which may be enhanced to 20 years because of his PFO conviction. His ten-year sentence for trafficking should be run concurrently with the first sentence of imprisonment. The $10,000 fine which was assessed with the trafficking charge, which was not enhanced, remains in effect.

The judgment of conviction is affirmed and the matter is remanded for resentencing.

All concur, except STEPHENS, C.J., who dissents.