**Roy Karem GEORGE,
Petitioner–Appellee,**

v.

**William C. SEABOLD,
Respondent–Appellant.**

No. 89–5711.

United States Court of Appeals,
Sixth Circuit.

Argued April 12, 1990.

Decided July 20, 1990.

Rehearing and Rehearing En Banc
Denied Sept. 10, 1990.

Jerome E. Wallace (argued), Louisville, Ky., for petitioner-appellee and Roy Karem George, Eddyville, Ky., petitioner-appellee, pro se.

Valerie L. Salven, Asst. Atty. Gen. (argued) and Frederic J. Cowan, Atty. Gen., Office of the Atty. Gen. of Kentucky, Frankfort, Ky., for respondent-appellant.

Before MERRITT, Chief Judge, and GUY and NORRIS, Circuit Judges.

MERRITT, Chief Judge.

In this habeas corpus action, the warden appeals the District Court's partial granting of the writ. The petitioner, Roy George, has raised a serious due process claim with respect to his sentence, but because the petitioner has failed to exhaust his state remedies with respect to this due process claim, we reverse the District Court's judgment and remand with instructions to dismiss the petition so that the petitioner may file a motion to correct his sentence under Ky.R.Crim.P. 11.42, as suggested by the Kentucky Court of Appeals in its order of August 17, 1988.[1]

I.

As a police officer approached George, who appeared to be having an argument with another man, he got into a stolen car and drove off. The officer pursued George at a speed of 45 miles an hour in a 25 mile an hour zone. During the course of the chase George almost ran over two pedestrians and ran a stop sign.

George pled guilty before a Kentucky state court to three separate charges: one count of receiving stolen property, a class D felony under Ky.Rev.Stat.Ann. § 514.110 (Baldwin 1989) (hereinafter KRS); one count of wanton endangerment, also a class D felony under KRS § 508.060; and to being a persistent felony offender in the second degree under KRS § 532.080. After making an unsuccessful attempt to withdraw his guilty plea, the trial court in effect sentenced George to two consecutive 5 year sentences for wanton endangerment and for receiving stolen property and then enhanced the stolen property offense to 10 years under the persistent felony offender statute. He therefore was ordered to serve the 10 year sentence consecutively with the 5 year sentence for a total of 15 years. He claims that this sentence could be no more than 10 years under Kentucky law and that his longer 15 year sentence is illegal under both Kentucky law and federal due process.

George made a motion under Ky.R. Crim.P. 11.42 to vacate, set aside or correct sentence before the Jefferson County Circuit Court. But he couched his claim that he was sentenced illegally under Kentucky state law in terms of the ineffectiveness of his counsel by failing to assert the illegality of his sentence. He did not explicitly attack the validity of his sentence in this motion. The Jefferson County Circuit Court denied his 11.42 motion, apparently by returning it to him. J.A. at 39.

George then appealed to the Kentucky Court of Appeals, making the same ineffective assistance argument. The Court of Appeals denied the motion, but did not address his claim that the consecutive sentence was illegally imposed. J.A. at 54. Discretionary review by the Supreme Court of Kentucky was denied.

Next George filed a petition for writ of habeas corpus under KRS § 419.020, which was denied by the Lyon Circuit Court. The Kentucky Court of Appeals affirmed, but

---

1. The Kentucky Court of Appeals "believe[d] the proper procedure by which appellant should raise the issues herein is through the filing, in Jefferson Circuit Court, of a motion to correct his sentence." *George v. Seabold*, No. 88–CA– 1469–MR (Ky.Ct.App. August 17, 1988), J.A. at 58.

emphasized that a procedure was available under state law by which George's claim could be raised, namely, a "motion to correct his sentence."[2]

Because Kentucky only allows defendants to bring one 11.42 motion, *see* *Stamps v. Rees,* 834 F.2d 1269, 1274 (6th Cir.1987), George filed a petition for writ of habeas corpus in federal district court instead of filing another motion as suggested by the Kentucky Court of Appeals. He raised three grounds for relief before the District Court, one of which the Court found to have merit, and granted the writ as to that claim.

Although the District Court questioned whether George had exhausted his state remedies, it assumed that he had and went on to reach the merits of his claim, finding that he had been sentenced in violation of the due process clause of the Fourteenth Amendment.

## II.

The main issue in this case, as the District Court found, turns on a difficult question of interpretation of Kentucky's penal statutes. It arises from the interplay of Kentucky's persistent felony offender statute and its statute governing concurrent and consecutive sentences.

Kentucky, like other states, uses a classification system for purposes of sentencing. There are five categories of felonies: capital offenses, Class A felonies, Class B felonies, Class C felonies and Class D felonies. KRS § 532.010. For example, burglary in the first degree is classified as a Class B felony, and assault in the third degree is a Class D felony. Under the Kentucky penal system various ranges of imprisonment are set for each class of felony: Class A felony defenders may be sentenced to terms between twenty years and life; Class B offenders between ten and twenty years; Class C offenders between five and ten years; and Class D offenders between one and five years. KRS § 532.060.

Kentucky also has a persistent felony offender statute under which previously convicted felons are sentenced. KRS § 532.080. The sentences depend on the class and the degree of the new offense and the number of old offenses. For example, persistent felony offenders in the first degree (generally speaking, those offenders who have previously been convicted of two or more felonies) who have been convicted of a new Class A or Class B felony may be sentenced to a term of twenty years to life imprisonment. KRS § 532.080(6)(a). Persistent felony offenders in the first degree who have been convicted of Class C or Class D felony may be sentenced to a term of ten to twenty years. KRS § 532.080(6)(b).

In contrast, persistent felony offenders in the second degree (someone previously convicted of one felony) are sentenced under the general statute governing sentences for felony offenders, that is, KRS § 532.060, except that they are to be sentenced to the term of imprisonment applicable to the next higher degree from the offense for which they were convicted. KRS § 532.080(5). For instance, if someone was convicted of a Class B felony but was found to be a persistent felony offender in the second degree, then he would be sentenced as though he were a Class A felon.

Kentucky also has a statute governing concurrent and consecutive sentences for multiple offenses. This statute apparently must be read as a limitation on the sentence in persistent felony offender cases. Under Kentucky law, a court may not impose consecutive sentences which would be longer than that which could be imposed for the most serious crime of which a defendant was convicted. KRS § 532.110(1)(c) provides in relevant part:

(1) When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, ... such multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that ... (c) [t]he aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended

**2.** Order of Kentucky Court of Appeals, *supra* note 1.

term which would be authorized by KRS 532.080 [the persistent felony offender statute] for the highest class of crime for which any of the sentences is imposed.

In this case George was sentenced to a total of fifteen years. Both of the offenses to which he pled guilty were Class D felonies, which carry a maximum of 5 years. He also pled guilty to being a persistent felony offender in the second degree, and as a result one of his felonies was enhanced to a Class C felony, which carries a maximum of 10 years. Under the persistent felony offender statute, because defendant was a persistent felony offender in the second degree (one prior felony) he logically should have been sentenced to the term of imprisonment applicable to the next higher class of felony than that of which he was convicted. Thus, it is certainly arguable that under the statute governing consecutive sentences his sentence should not have been 15 years but should have been limited to the 10 year maximum, Class C sentence—the "longest extended term authorized ... for the highest class of crime for which any of the sentences is imposed." KRS § 532.110(1)(c).

The District Court was "troubled that the validity of the consecutive sentences in this case has never been addressed by the state courts." *George v. Seabold*, No. C–88–0756–L(B), slip op. at 4 (W.D.Ky. April 6, 1989). However, the court thought that Ky.R.Crim.P. 11.42(3) was applicable to this case. It provides:

> The motion [to correct sentence] shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding.

The District Court read that rule to mean that although the Court of Appeals explicitly invited further proceedings in the lower courts of Kentucky on the issue, and "although the Court of Appeals did not address the question of the validity of the consecutive sentences, the issue nevertheless has been concluded adversely to petitioner and he has therefore exhausted his state remedies." *George v. Seabold*, slip op. at 4.

### III.

For reasons of comity we cannot agree with the District Court on the exhaustion issue. It is well settled that a writ cannot issue unless state remedies have been fully exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981); *Ex parte Hawk*, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944). The due process issue in this case turns in part on the interpretation of a complex series of Kentucky's penal statutes. It requires us to answer a complicated question of state law which the Kentucky state courts are best equipped to handle and which has never been ruled on. Although the District Court may well be correct that defendant has a legitimate claim, we believe that this claim is best addressed in the state courts. It belongs there first. We should not assume that the Kentucky courts will rule the claim invalid on the basis of procedural default rather than on the merits. This is especially true in light of the Kentucky Court of Appeals Order of August 17, 1988, which affirmed the Lyon Circuit Court's denial of defendant's petition for habeas corpus. The Kentucky Court of Appeals "believe[d] the proper procedure by which appellant should raise the issues herein is through the filing, in Jefferson Circuit Court, of a motion to correct his sentence."

Thus, despite the general "one bite" standard in Kentucky on motions to correct sentence, the Kentucky Court of Appeals appears willing, in the interest of justice, to give defendant another chance to file an 11.42 motion or other pleading to correct his sentence. An important question concerning the administration of Kentucky's system of criminal justice is presented here and we have no reason to believe that the Kentucky courts will retract their invitation to George to present this issue for resolution on the merits. We should not conclude on the basis of this record that Kentucky courts will not reach the merits of this issue which, in the interest of uniform administration of Kentucky law,

needs to be resolved in the first instance by Kentucky courts.[3]

Accordingly, the judgment of the District Court is reversed and the case remanded with instructions to dismiss the petition for failure to exhaust state remedies.

---

3. Yet another issue has come to light on appeal which has been addressed neither by the Kentucky state courts, nor the District Court below. It concerns defendant's parolee status. The warden argues that even if defendant was sentenced improperly under the persistent felony offender statute, his sentence was not illegal because he was on parole at the time he committed his most recent crimes. KRS § 533.060(2) provides that when a person out on parole commits a felony, "the period of confinement for that felony shall not run concurrently with any other sentence."

The warden interprets KRS § 533.060(2) to mean that if a person on parole commits one or more felonies, those felonies may not run concurrently. Defendant claims that a logical reading of the statute is that the sentence for the offense committed while out on parole should not run concurrently with the sentence for the original offense for which the person was in jail.

In light of *Devore v. Commonwealth*, 662 S.W.2d 829 (Ky.1984), which held that KRS § 533.060(2), (the statute governing parole offenders) overrode KRS § 532.110(3), (the statute governing concurrent and consecutive sentences), the warden's interpretation may be correct. However, this issue also should be decided in state court in the first instance under the doctrine of exhaustion.