**COMMONWEALTH of Kentucky,
Appellant,**

v.

**James R. DURHAM, Appellee.**

**No. 94–SC–942–DG.**

Supreme Court of Kentucky.

Oct. 19, 1995.

Chris Gorman, Attorney General, Dina Abby Jones, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellant.

Barbara F. Anderson, Lexington, for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which declared that the maximum aggregate sentence for a persistent felony offender in the second degree who is convicted of multiple Class D felonies is ten years.

The Commonwealth argues that the trial judge properly sentenced Durham to twenty years in prison and that the decision of the Court of Appeals is in direct conflict with the relevant statutory and case authority. Durham contends that the twenty year sentence should be corrected to a ten year sentence because the maximum sentence for a persistent felony offender in the second degree who commits a Class D felony is ten years and that this was the true intention of the General Assembly.

In 1983, Durham pled guilty to being a persistent felony offender in the second degree and to the underlying offenses of receiving stolen property and bail jumping in the first degree. The two underlying offenses are both Class D felonies. A judgment on the guilty plea and a final sentence of imprisonment was entered against him. He was sentenced to five years on each of the underlying offenses and each sentence was then enhanced to ten years because of his persistent felony status. The trial judge ordered the two ten-year sentences to be served consecutively for a total of twenty years in prison.

Durham appealed to the Court of Appeals which declared in a split decision that ten years was the maximum sentence which could be imposed in this situation. This Court granted discretionary review.

Almost ten years after his original sentencing the defendant filed a motion for modification of sentence. He contended that the maximum sentence he should have received was ten years. The trial judge denied relief. A panel of the Court of Appeals reversed that decision. The Court of Appeals majority believed that the maximum upper limit was ten years. In reaching this conclusion, they considered the interplay of a number of statutes stating that the situation was controlled by KRS 532.080(5) because it specifically refers to persistent felony offenders in the second degree. The majority opinion distinguished the case of *Milner v. Commonwealth*, Ky.App., 655 S.W.2d 31 (1983). They also indicated they were persuaded by the case of *George v. Seabold*, 909 F.2d 157 (6th Cir.1990), which commented that the Kentucky statutory system "may" authorize only ten years as the longest sentence available for a PFO II, whose highest offense was a Class D felony. There was a very sound dissenting opinion. This appeal followed.

■ The decision of the Court of Appeals is reversed. *Milner v. Commonwealth*, Ky. App., 655 S.W.2d 31 (1983), is dispositive of this situation. *See also Hendley v. Commonwealth*, Ky., 573 S.W.2d 662 (1978). The majority of the Court of Appeals panel seems to ignore this precedent by attempting to distinguish *Milner, supra*, on the basis that it is silent as to the date of the defendant's judgment and sentencing. *Milner* states that under KRS 532.080(6)(b) and KRS 532.110, the maximum sentence for a first offender convicted of the 105 Class D felonies in that case was twenty years. KRS 532.080(6)(b) has no relevance to that case unless sentencing had taken place after its enactment.

In addition, KRS 532.110(1)(c) refers in general to KRS 532.080 in establishing the longest extended term. The longest extend-

ed term for a Class D felony under KRS 532.080 is set at twenty years.

Reference in KRS 532.110(1)(c) to KRS 532.080 is concerned with the maximum number of years imprisoned set out in the entire statute. The cross-reference between the statutes did not depend on the degree of a defendant's status as a persistent felony offender. Any other reading would produce an absurd result and be contradictory to the plainly expressed legislative intent.

*Dawson v. Commonwealth,* Ky., 756 S.W.2d 935 (1988) does not control this situation. The arguments raised in this case were not raised in *Dawson, supra.* Accordingly, the concerns expressed by the Attorney General have not yet been reviewed in a proper case by this Court. Discretionary review was never sought in *Milner.* This situation is distinguishable from *Dawson* as it may relate to the limitations on maximum sentencing. We also find that *George, supra,* is not persuasive in this situation.

KRS 532.110(1) requires that KRS 532.080 be used to establish the maximum aggregate sentence for a person convicted of multiple offenses, without regard to whether the penalties for those offenses have been enhanced. When KRS 532.080 is applied to determine the maximum aggregate penalty, as opposed to being used to enhance a penalty, the appropriate reference in a case where the underlying felonies are Class D or C felonies is to subsection (6)(b) rather than to subsection (5).

The decision of the Court of Appeals is reversed and the sentence imposed by the trial court is reinstated.

STEPHENS, C.J., and FUQUA, LAMBERT and REYNOLDS, JJ., concur.

STUMBO, J., dissents by separate opinion in which Special Justice LEVIN joins.

STUMBO, Justice, dissenting.

Respectfully, I dissent.

*Milner v. Commonwealth,* Ky.App., 655 S.W.2d 31 (1983), is not dispositive of this case. KRS 532.080(5) was not controlling in determining the result in *Milner. Milner* addressed the maximum permissible sentence for a defendant convicted of multiple crimes for which consecutive sentences were imposed when that defendant was not a persistent felony offender of any degree. KRS 532.080(5) was not controlling in determining the result in *Milner.*

In this case, Durham pled guilty to being a second-degree persistent felony offender. The underlying charges were Class D felonies. Pursuant to KRS 532.080(5), the Class D felonies were enhanced to Class C treatment. Under KRS 532.080(5), the maximum sentence for a PFO II is prescribed by KRS 532.060(2), which limits Class C felonies to a ten-year maximum sentence. KRS 532.060(2)(c).

KRS 532.110(1)(c) states that sentences cannot run consecutively so that the aggregate sentences extend beyond the term authorized by KRS 532.080 for the highest class of crime for which any of the sentences are imposed. KRS 532.080(5) in clear, unambiguous words, prescribes that the maximum sentence for a second-degree persistent felony offender is ten years when the underlying felony is a Class D felony. This clearly limits Durham's sentence to ten years. KRS 532.080(6) referred to in the Majority Opinion is not applicable to this case as it applies only to *first-degree* persistent felony offenders.

The Court of Appeals' decision correctly applies the statutes in this case. I would affirm the Court of Appeals.

LEVIN, Special Judge, joins.