COMMONWEALTH of Kentucky,
Appellant

v.

Gary GAMBLE, Sr., Appellee

2013–SC–000141–DG

Supreme Court of Kentucky.

RENDERED: FEBRUARY 19, 2015

Counsel for Appellant: Jack Conway, Attorney General of Kentucky, Bryan Darwin Morrow, Assistant Attorney General

Counsel for Appellee: Steven Jared Buck, Department of Public Advocacy

## OPINION OF THE COURT BY JUSTICE CUNNINGHAM

Gary Gamble, Sr. was arrested for selling three hydrocodone pills to an informant. On September 17, 2010, a Johnson Circuit Court Grand Jury indicted Gamble on trafficking in a controlled substance in the second degree ("TICS2") and being a persistent felony offender ("PFO") in the first degree. At the time of his indictment, TICS2, which is proscribed in Kentucky Revised Statute ("KRS") 218A.1413, was categorized as a Class D felony carrying a sentence of one to five years imprisonment. On June 8, 2011, the General Assembly enacted House Bill 463 ("HB 463"), titled the Public Safety and Offender Accountability Act. HB 463 overhauled the Commonwealth's sentencing policies in order to "maintain public safety and hold offenders accountable while reducing recidivism and criminal behavior and improving outcomes for those offenders who are sentenced." KRS 532.007(1). One of the statutes HB 463 amended is KRS 218A.1413. As it relates to the offense Gamble committed, HB 463 lessened the previous five-year maximum sentence to three years imprisonment. KRS 218A.1413(2)(b)($l$).

Gamble subsequently reached an agreement with the Commonwealth, but first sought dismissal of the first-degree PFO charge. Grounds for Gamble's motion were based on HB 463's amendments to KRS 218A.1413, which he argued prohibited the trial court from enhancing his sentence by virtue of his status as a PFO. After conducting a hearing on the matter, the trial court denied Gamble's motion. The trial court acknowledged that the amended version of KRS 218A.1413 lessened the maximum sentence Gamble could receive for the TICS2 charge from five years to three years imprisonment. However, the trial court disagreed with Gamble that the amendment prohibited the enhancement of his sentence due to his status as a PFO. Consequently, Gamble entered a guilty plea to both TICS2 and being a PFO in the second degree. Gamble also provided the trial court with notice of his approval, as required by KRS 446.110, for the court to sentence him pursuant to the newly-amended version of KRS 218A.1413. Gamble's plea was conditioned upon his right to appeal the trial court's order denying his motion to dismiss the PFO charge. The trial court ultimately sentenced Gamble to one year imprisonment for the TICS2 charge, which was enhanced to five years by the PFO charge. The sentence was ordered to be suspended after Gamble served one year, after which he would serve the remainder of his sentence on supervised placement. Gamble subsequently appealed the trial court's order denying his motion to dismiss the PFO charge.

The Court of Appeals reversed the trial court's decision and held that KRS 218A.1413, as amended, prohibits the enhancement of Gamble's sentence beyond a period of three years. The Court of Appeals reasoned that since the PFO statute mandates a minimum enhancement of five years, TICS2 is not eligible for PFO enhancement. *See* KRS 532.080. In formulating its conclusion, the Court of Appeals focused on the changes HB 463 made to other statutes pertaining to controlled substances, including KRS 218A.1414 and KRS 218A.1415, the statutes proscribing third-degree trafficking in a controlled substance and first-degree possession of a controlled substance, respectively. Based on the amendments to these statutes, the Court of Appeals concluded that the General Assembly intended on creating a "sub-group" of lighter penalties for certain non-violent, first-time drug related crimes. It would be nonsensical, the Court of Appeals concluded, for a trial court to enhance a sentence based on one of these underlying "sub-group" offenses. Consequently, the Court of Appeals reversed the trial court's order denying Gamble's motion to dismiss and the case was remanded to the trial court with directions for it to conduct a new sentencing hearing. This Court granted discretionary review.

■■■■ The issue before the Court is one of statutory construction, requiring us to conduct a *de novo* review. *See, e.g., Cumberland Valley Contractors, Inc. v. Bell County Coal Corp.,* 238 S.W.3d 644, 647 (Ky.2007). Our main goal in construing the statute is "to give effect to the intent of the General Assembly." *Shawnee Telecom Resources, Inc. v. Brown,* 354 S.W.3d 542, 551 (Ky.2011). Of course, the most logical method of discerning the General Assembly's intent is to look to the plain wording of the statute, assigning "the words employed in the statute ... their

ordinary meaning." *Lynch v. Commonwealth,* 902 S.W.2d 813, 814 (Ky.1995). Accordingly, we will focus on the words the General Assembly used in constructing HB 463's amendment to KRS 218A.1413.

As amended, KRS 218A.1413, states as follows:

(1) A person is guilty of trafficking in a controlled substance in the second degree when:

(a) He or she knowingly and unlawfully traffics in:

1. Ten (10) or more dosage units of a controlled substance classified in Schedules I and II that is not a narcotic drug; or specified in KRS 218A.1412, and which is not a synthetic drug, salvia, or marijuana; or

2. Twenty (20) or more dosage units of a controlled substance classified in Schedule III;

(b) He or she knowingly and unlawfully prescribes, distributes, supplies, or sells an anabolic steroid for:

1. Enhancing human performance in an exercise, sport, or game; or

2. Hormonal manipulation intended to increase muscle mass, strength, or weight in the human species without a medical necessity; or

(c) He or she knowingly and unlawfully traffics in any quantity of a controlled substance specified in paragraph (a) of this subsection in an amount less than the amounts specified in that paragraph.

(2)(a) Except as provided in paragraph (b) of this subsection, any person who violates the provisions of subsection (1) of this section shall be guilty of a Class D felony for the first offense and a Class C felony for a second or subsequent offense.

(b) Any person who violates the provisions of subsection (*l*)(c) of this section shall be guilty of:

    1. A Class D felony for the first offense, *except that KRS Chapter 532 to the contrary notwithstanding,* the maximum sentence to be imposed shall be no greater than three (3) years; and

    2. A Class D felony for a second offense or subsequent offense.

(Emphasis added)

As subsection (1)(a)-(c) provides, there are three general methods of committing TICS2. Pertinent to our analysis is the third method described in subsection (1)(c). This subsection prohibits offenders from trafficking in smaller amounts of controlled substances, *e.g.*, nineteen or less hydrocodone pills.

■ Graduated sanctions are then supplied in KRS 218A.1413(2)(a), which states that when an offender violates subsection (1)(a) or (1)(b)—the first and second method of committing TICS2—he or she will be guilty of a Class D felony for the first offense, and then a Class C felony for the second and subsequent offenses. HB 463, however, amended KRS 218A.1413 to treat the third method of committing TICS2 differently. In fact, trafficking in smaller amounts of a controlled substance, as described in subsection (1)(c), is categorized as a Class D felony for the first offense and for any other subsequent offenses. It is important to note that the penalty range for a Class D felony is "not less than one (1) year nor more than five (5) years." KRS 532.060(2)(d). However, KRS 218A.1413(2)(b)(1) carves out an exception for those first-time offenders, like Gamble, who commit this particular crime by stating that "[a]ny person who violates the provisions of subsection (*l*)(c) of this section shall be guilty of [ ] [a] Class D felony for the first offense, except that KRS

Chapter 532 to the contrary notwithstanding, the maximum sentence to be imposed shall be no greater than three (3) years." Despite the rather puzzling language, the General Assembly made it clear that the "sentence to be imposed shall be no greater that three (3) years." Therefore, the maximum penalty a sentencing court may bestow upon a first time offender of KRS 218A.1413(1)(c) is three years, despite the crime's Class D classification. As a result, we find no error in the Johnson Circuit Court's sentence of one year for Gamble's TICS2 charge.

Of course, the real issue we are faced with is whether the Johnson Circuit Court was statutorily barred from enhancing Gamble's sentence beyond the aforementioned three-year cap by virtue of his PFO conviction. The Johnson Circuit Court derived the authority to enhance Gamble's sentence from KRS 532.080(5). This statute states that a "person who is found to be a persistent felony offender in the second degree shall be sentenced to an indeterminate term of imprisonment pursuant to the sentencing provisions of KRS 532.060(2) for the next highest degree than the offense for which convicted." The penalty range supplied in KRS 532.060(2)(c) for a Class C felony, the next highest degree from a Class D felony, is a term of imprisonment "not less than five (5) years nor more than ten (10) years." Consequently, Gamble's enhanced five year sentence appears to be proper; yet, it exceeds the three year maximum sentence provided for in KRS 218A.1413(2)(b)(1).

In order to reconcile these statutes, we must ascertain whether the General Assembly, in enacting HB 463, intended on prohibiting a first-time violation of KRS 218A.1413(1)(c) from being enhanced by a PFO conviction. Unfortunately, the plain language of HB 463's amendments to KRS 218A.1413 is ambiguous. Once more, we

note that KRS 218A.1413(2)(b)(1) states that a violation of ($l$)(c) is a Class D felony and "except that *KRS Chapter 532* to the *contrary notwithstanding*, the maximum sentence to be imposed shall be no greater than three (3) years." (Emphasis added). This language can be interpreted in different ways, especially in light of the fact that KRS Chapter 532 includes the sentencing guidelines for Class D felonies and PFO enhancements. For example, Gamble reminds the Court that the word "notwithstanding" means "in spite of." Therefore, Gamble believes the phrase "to the contrary notwithstanding" alerts the reader that the maximum sentence for a violation of KRS 218A.1413($l$)(c) is three years *in spite of* contrary language espoused in KRS 532.060 and KRS 532.080. In other words, Gamble contends that the language "KRS Chapter 532 to the contrary notwithstanding" means that not only does the Class D penalty range not apply, but neither does the PFO provision.

The Commonwealth simply argues that the one convicted of TICS2, by means of violating subsection ($l$)(c), may not be sentenced to more than three years, unless provided for in a statute found in KRS Chapter 532. Since KRS 532.080 sets out a five to ten year sentencing guideline for a second-degree PFO conviction, based on a Class D felony conviction, it trumps the three year maximum sentence delineated in KRS 218A.1413(2)(b)(1).

When faced with an ambiguous statute, this Court may resort to traditional canons of statutory construction to uncover the General Assembly's intent. *MPM Financial Group, Inc. v. Morton,* 289 S.W.3d 193, 198 (Ky.2009). For instance, we will "presume that the General Assembly intended for the statute to be construed as a whole, for all of its parts to have meaning, and for it to harmonize with related statutes." *Shawnee,* 354 S.W.3d at

551 (citing *Hall v. Hospitality Resources, Inc.,* 276 S.W.3d 775 (Ky.2008); *Lewis v. Jackson Energy Cooperative Corporation,* 189 S.W.3d 87 (Ky.2005)). We further "presume that the General Assembly did not intend an absurd statute or an unconstitutional one." *Shawnee,* 354 S.W.3d at 551 (citing *Layne v. Newberg,* 841 S.W.2d 181 (Ky.1992)).

Moving beyond the plain language of the TICS2 statute, we find guidance from other amendments HB 463 made to Chapter 218A, the portion of the criminal code dealing with controlled substances. In the majority of amended sections, HB 463 lessened the severity of the punishment by downgrading its misdemeanor or felony classification. *See, e.g.,* HB 463 §§ 7, 9, and 16. For example, prior to HB 463, KRS 218A.1422(2) classified possession of marijuana as a Class A misdemeanor. However, section 16 of HB 463 amended the offense to a Class B misdemeanor, thereby carrying a lighter sentence and lesser fines. *See also* HB 463 §§ 7, 9, 12–15 (amending sections of KRS 218A by downgrading the misdemeanor or felony classifications for subsequent offenses).

Other amendments not only lessened the categorization of the first and subsequent offense, but also supplied a lesser punishment than the misdemeanor or felony categorization requires. Indeed, the General Assembly chose to amend the TICS2 statute in this particular way, along with several other statutes in Chapter 218A. *See* HB 463 §§ 10, 11, 12, and 16. For example, HB 463 § 12 amended KRS 218A.1415, the statute proscribing first-degree possession of a controlled substance, to reflect that the maximum sentence for a first-time offense is three years despite its categorization as a Class D felony. Unlike the TICS2 statute, KRS 218A.1415 has much clearer language. The statute states that despite its classifi-

cation as a Class D felony, first-degree possession of a controlled substance carries a "maximum term of incarceration [ ] no greater than three (3) years, *notwithstanding KRS Chapter 532."* (Emphasis added). The wording implies that *no* section of KRS Chapter 532 can increase the sentence beyond three years, including a PFO enhancement. In the TICS2 statute, however, the General Assembly used the phrase "Chapter 532 to the contrary notwithstanding", which leads this Court to believe that it meant something other than the entire Chapter of KRS 532 is inapplicable. Instead, what we believe the General Assembly meant is that that the sentencing court must ignore the contrary penalty range for Class D felonies as detailed in KRS 532.060(2)(d) specifically, but not the PFO provision.

This Court's interpretation of KRS 218A.1413 is further supported by the amendment HB 463 made to subsection (8) of KRS 532.080. *See* HB 463 § 26. This subsection specifically prohibits the enhancement of a first-degree possession of a controlled substance conviction by virtue of the offender qualifying as a PFO. As KRS 532.080(8) states, "[a] conviction, plea of guilty, or Alford plea under KRS 218A.1415 shall not trigger the application of this section, regardless of the number or type of prior felony convictions that may have been entered against the defendant." Notably, HB 463 did not amend KRS 532.080 to reflect the same treatment for an underlying TICS2 conviction.

The canon of statutory construction referred to as *expressio unius est exclusio alterius* refers to the principle that the expression of one thing is to exclude another; or, as in KRS 532.080, the exclusion of one thing is to include the other. Thus, if the General Assembly intended on categorically removing TICS2 from PFO enhancement eligibility, then it would have expressly included an amendment to that effect in HB 463. But, the General Assembly only excluded first-degree possession of a controlled substance, thereby demonstrating that the offense at issue is eligible for PFO enhancement. In addition, this revelation leads us to question why the General Assembly felt the need to expressly prohibit the enhancement of a ·first-degree possession of a controlled substance conviction in KRS 532.080(8) if, as Gamble contends, it had already expressed so in KRS 218A.1415. We must assume that the General Assembly would not purposefully enact such a superfluous amendment.

■ To summarize, this Court disagrees with Gamble that the General Assembly intended on prohibiting a conviction based on KRS 218A.1413(1)(c) from being eligible for PFO enhancement. After analyzing HB 463 in its entirety, and the amendments it made to KRS Chapter 218A, we believe the phrase "except that KRS 532 to the contrary notwithstanding" refers expressly to the Class D felony categorization and penalty range espoused in KRS 532.060, not to the entire portion of Chapter 532. Our interpretation of KRS 218A.1413 provides for a consistent application of HB 463, prevents portions of the statute from being rendered superfluous, and is the most logical interpretation we can fashion. Thusly, we hold that KRS 218A.1413(2)(b)(1) does not prohibit Gamble's sentence from being enhanced to five years imprisonment by virtue of his status as a PFO. In the event the General Assembly did in fact intend on preventing a TICS2 conviction from being enhanced by the PFO statute, it can expressly amend the statute to better reflect their intent in the future.

For the aforementioned reasons, we reverse the opinion of the Court of Appeals

and reinstate the sentence of the Johnson Circuit Court.

Minton, C.J.; Abramson, Cunningham, Keller, Noble and Venters, JJ., sitting. All concur.