**Michael ELDRIDGE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

**NO. 2014–CA–001192–MR, NO. 2014–CA–001193–MR, NO. 2014–CA–001194–MR, NO. 2014–CA–001195–MR**

Court of Appeals of Kentucky.

RENDERED: DECEMBER 23, 2015; 10:00 A.M.

6. Employee Retirement Income Security Act of 1974, 29 U.S.C. ch. 18

Brief for Appellant: Steven J. Buck, Assistant Public Advocate, Frankfort, Kentucky.

Brief for Appellee: Jack Conway, Attorney General of Kentucky, Nate T. Kolb, Assistant Attorney General, Frankfort, Kentucky.

BEFORE: ACREE, CHIEF JUDGE; J. LAMBERT AND TAYLOR, JUDGES.

## OPINION

**LAMBERT, J., JUDGE:**

In these consolidated appeals, Michael Eldridge seeks review, pursuant to conditional guilty pleas, of four judgments of the Johnson Circuit Court sentencing him to four one-year, consecutive sentences for convictions on charges of second-degree trafficking in a controlled substance. Because the Supreme Court of Kentucky's recent decision in *Commonwealth v. Gamble*, 453 S.W.3d 716 (Ky. 2015), supports the circuit court's decision to run the sentences consecutively, we affirm.

In February 2014, the Johnson County grand jury indicted Eldridge on four charges of second-degree trafficking in a controlled substance, less than 20 dosage units, pursuant to Kentucky Revised Statutes (KRS) 218A.1413 and KRS 502.020. The separate indictments charged that in June and July of 2013, Eldridge, either acting alone or in complicity with Haley J. Ramey on two of the dates, committed these offenses by selling Suboxone strips, or buprenorphine, a Schedule III controlled substance, to a confidential informant. Ramey was charged by separate indictments. Eldridge entered not guilty pleas, and a public defender was appointed to represent him. Conflict counsel was later assigned.

In May 2014, Eldridge moved the court to enter a guilty plea conditioned on his right to appeal an issue regarding the application of KRS 532.080. The Commonwealth's offer on a plea of guilty was one year on each charge, to run consecutively for a total of four years' imprisonment. Eldridge stated that the law was unclear on what maximum aggregate sentence could be imposed. Eldridge contended that the aggregate consecutive term of sentences for offenses with a maximum of three years' imprisonment was three years, while the Commonwealth con-

tended that the limit was twenty years as with other Class D felonies. The court accepted Eldridge's pleas and scheduled a sentencing hearing.

Eldridge filed a sentencing memorandum, citing the circuit court's prior ruling in *Gamble*, and he argued that because KRS 218A.1413(2)(b) provided that the maximum sentence to be imposed in this case was capped at three years, he should not be sentenced to a total of four years in prison. The circuit court disagreed and sentenced Eldridge to four one-year, consecutive sentences for a total of four years' imprisonment. These appeals now follow.

On appeal, Eldridge continues to argue that the maximum sentence that could be imposed was three years, while the Commonwealth contends that the circuit court's interpretation of the statutes was correct. Because this is a question of law, our standard of review is *de novo. Gamble,* 453 S.W.3d at 718, *Cinelli v. Ward,* 997 S.W.2d 474, 476 (Ky.App. 1998).

In his brief, Eldridge relies upon the opinion of *Gamble v. Commonwealth,* Slip Op. No. 2011–CA–001658–MR, 2013 WL 375531 (Ky.App. Feb. 1, 2013), in which this Court addressed whether a defendant who is sentenced pursuant to KRS 218A.1413(2)(b)(1) is subject to enhancement pursuant to the persistent felony offender (PFO) statute. This Court's holding supported Eldridge's argument as to how the statutes should be applied. Unfortunately for Eldridge, the Supreme Court accepted discretionary review and reversed this Court's opinion in a February 19, 2015, opinion. This opinion was rendered after the filing of Eldridge's brief in this case. The Commonwealth addressed the application of *Gamble* in its brief, arguing that the Supreme Court's holding rendered Eldridge's position untenable. Eldridge did not choose to file a reply brief, which we perceive to be a

concession that the Commonwealth's position is correct. Nevertheless, we shall address the merits of Eldridge's argument.

In *Gamble,* the Supreme Court addressed whether the circuit court violated KRS 218A.1413 in enhancing Gamble's one-year sentence for second-degree trafficking in a controlled substance (hydrocodone) to five years pursuant to his PFO status. The trial court denied Gamble's motion to dismiss the PFO charge, for which he sought review pursuant to a conditional guilty plea. This Court held that, as amended, KRS 218A.1413 prohibited the enhancement of Gamble's sentence beyond three years because the PFO statute mandated a minimum enhancement of five years. Therefore, a conviction for second-degree trafficking in a controlled substance would not be eligible for PFO enhancement and the circuit court should have dismissed the PFO charge. On discretionary review, the Supreme Court disagreed with and reversed this Court's decision.

In *Gamble,* the Supreme Court first addressed the General Assembly's amendment to KRS 218A.1413, which now provides:

(1) A person is guilty of trafficking in a controlled substance in the second degree when:

(a) He or she knowingly and unlawfully traffics in:

1. Ten (10) or more dosage units of a controlled substance classified in Schedules I and II that is not a narcotic drug; or specified in KRS 218A.1412, and which is not a synthetic drug, salvia, or marijuana; or

2. Twenty (20) or more dosage units of a controlled substance classified in Schedule III;

(b) He or she knowingly and unlawfully prescribes, distributes, supplies, or sells an anabolic steroid for:

    1. Enhancing human performance in an exercise, sport, or game; or

    2. Hormonal manipulation intended to increase muscle mass, strength, or weight in the human species without a medical necessity; or

(c) He or she knowingly and unlawfully traffics in any quantity of a controlled substance specified in paragraph (a) of this subsection in an amount less than the amounts specified in that paragraph.

(2)(a) Except as provided in paragraph (b) of this subsection, any person who violates the provisions of subsection (1) of this section shall be guilty of a Class D felony for the first offense and a Class C felony for a second or subsequent offense.

(b) Any person who violates the provisions of subsection ($l$)(c) of this section shall be guilty of:

    1. A Class D felony for the first offense, except that KRS Chapter 532 to the contrary notwithstanding, the maximum sentence to be imposed shall be no greater than three (3) years; and

    2. A Class D felony for a second offense or subsequent offense.

As in the present case, at issue in *Gamble* was the application of subsection (1)(c), which prohibits trafficking in a smaller amount of a controlled substance. Based upon the graduated sanctions contained in the statute, this offense is considered to be a Class D felony for penalty range purposes, which is one to five years. The Supreme Court recognized that

    KRS 218A.1413 (2)(b)(1) carves out an exception for those first-time offenders,

like Gamble, who commit this particular crime by stating that "[a]ny person who violates the provisions of subsection ($l$)(c) of this section shall be guilty of [ ] [a] Class D felony for the first offense, except that KRS Chapter 532 to the contrary notwithstanding, the maximum sentence to be imposed shall be no greater than three (3) years." Despite the rather puzzling language, the General Assembly made it clear that the "sentence to be imposed shall be no greater tha[n] three (3) years." Therefore, the maximum penalty a sentencing court may bestow upon a first time offender of KRS 218A.1413(1)(c) is three years, despite the crime's Class D classification. As a result, we find no error in the Johnson Circuit Court's sentence of one year for Gamble's TICS2 charge.

*Id.* at 719. The Court went on to address what it deemed the "real issue;" *i.e.,* whether Gamble's sentence should have been capped at three years:

    Of course, the real issue we are faced with is whether the Johnson Circuit Court was statutorily barred from enhancing Gamble's sentence beyond the aforementioned three-year cap by virtue of his PFO conviction. The Johnson Circuit Court derived the authority to enhance Gamble's sentence from KRS 532.080(5). This statute states that a "person who is found to be a persistent felony offender in the second degree shall be sentenced to an indeterminate term of imprisonment pursuant to the sentencing provisions of KRS 532.060(2) for the next highest degree than the offense for which convicted." The penalty range supplied in KRS 532.060(2)(c) for a Class C felony, the next highest degree from a Class D felony, is a term of imprisonment "not less than five (5) years nor more than ten (10) years." Consequently, Gamble's enhanced five year sentence appears to be proper; yet,

it exceeds the three year maximum sentence provided for in KRS 218A.1413(2)(b)(1).

In order to reconcile these statutes, we must ascertain whether the General Assembly, in enacting HB 463, intended on prohibiting a first-time violation of KRS 218A.1413(1)(c) from being enhanced by a PFO conviction. Unfortunately, the plain language of HB 463's amendments to KRS 218A.1413 is ambiguous. Once more, we note that KRS 218A.1413(2)(b)(1) states that a violation of (*l*)(c) is a Class D felony and "except that *KRS Chapter 532* to the *contrary notwithstanding*, the maximum sentence to be imposed shall be no greater than three (3) years." (Emphasis added). This language can be interpreted in different ways, especially in light of the fact that KRS Chapter 532 includes the sentencing guidelines for Class D felonies and PFO enhancements. For example, Gamble reminds the Court that the word "notwithstanding" means "in spite of." Therefore, Gamble believes the phrase "to the contrary notwithstanding" alerts the reader that the maximum sentence for a violation of KRS 218A.1413(*l*)(c) is three years *in spite of* contrary language espoused in KRS 532.060 and KRS 532.080. In other words, Gamble contends that the language "KRS Chapter 532 to the contrary notwithstanding" means that not only does the Class D penalty range not apply, but neither does the PFO provision.

The Commonwealth simply argues that the one convicted of TICS2, by means of violating subsection (*l*)(c), may not be sentenced to more than three years, unless provided for in a statute found in KRS Chapter 532. Since KRS 532.080 sets out a five to ten year sentencing guideline for a second-degree PFO conviction, based on a Class D felony conviction, it trumps the three year maximum sentence delineated in KRS 218A.1413(2)(b)(1).

When faced with an ambiguous statute, this Court may resort to traditional canons of statutory construction to uncover the General Assembly's intent. *MPM Financial Group, Inc. v. Morton,* 289 S.W.3d 193, 198 (Ky. 2009). For instance, we will "presume that the General Assembly intended for the statute to be construed as a whole, for all of its parts to have meaning, and for it to harmonize with related statutes." *Shawnee [Telecom Res., Inc. v. Brown*], 354 S.W.3d [542] at 551 [ Ky.2011) ] (citing *Hall v. Hospitality Resources, Inc.,* 276 S.W.3d 775 (Ky. 2008); *Lewis v. Jackson Energy Cooperative Corporation,* 189 S.W.3d 87 (Ky. 2005)). We further "presume that the General Assembly did not intend an absurd statute or an unconstitutional one." *Shawnee,* 354 S.W.3d at 551 (citing *Layne v. Newberg,* 841 S.W.2d 181 (Ky. 1992)).

Moving beyond the plain language of the TICS2 statute, we find guidance from other amendments HB 463 made to Chapter 218A, the portion of the criminal code dealing with controlled substances. In the majority of amended sections, HB 463 lessened the severity of the punishment by downgrading its misdemeanor or felony classification. *See, e.g.,* HB 463 §§ 7, 9, and 16. For example, prior to HB 463, KRS 218A.1422(2) classified possession of marijuana as a Class A misdemeanor. However, section 16 of HB 463 amended the offense to a Class B misdemeanor, thereby carrying a lighter sentence and lesser fines. *See also* HB 463 §§ 7, 9, 12–15 (amending sections of KRS 218A by downgrading the misdemeanor or felony classifications for subsequent offenses).

Other amendments not only lessened the categorization of the first and subsequent offense, but also supplied a lesser punishment than the misdemeanor or felony categorization requires. Indeed, the General Assembly chose to amend the TICS2 statute in this particular way, along with several other statutes in Chapter 218A. *See* HB 463 §§ 10, 11, 12, and 16. For example, HB 463 § 12 amended KRS 218A.1415, the statute proscribing first-degree possession of a controlled substance, to reflect that the maximum sentence for a first-time offense is three years despite its categorization as a Class D felony. Unlike the TICS2 statute, KRS 218A.1415 has much clearer language. The statute states that despite its classification as a Class D felony, first-degree possession of a controlled substance carries a "maximum term of incarceration [ ] no greater than three (3) years, *notwithstanding KRS Chapter 532.*" (Emphasis added). The wording implies that *no* section of KRS Chapter 532 can increase the sentence beyond three years, including a PFO enhancement. In the TICS2 statute, however, the General Assembly used the phrase "Chapter 532 to the contrary notwithstanding", which leads this Court to believe that it meant something other than the entire Chapter of KRS 532 is inapplicable. *Instead, what we believe the General Assembly meant is that that* [sic] *the sentencing court must ignore the contrary penalty range for Class D felonies as detailed in KRS 532.060(2)(d) specifically, but not the PFO provision.* [Emphasis added.]

This Court's interpretation of KRS 218A.1413 is further supported by the amendment HB 463 made to subsection (8) of KRS 532.080. *See* HB 463 § 26. This subsection specifically prohibits the enhancement of a first-degree possession of a controlled substance conviction by virtue of the offender qualifying as a PFO. As KRS 532.080(8) states, "[a] conviction, plea of guilty, or Alford plea under KRS 218A.1415 shall not trigger the application of this section, regardless of the number or type of prior felony convictions that may have been entered against the defendant." Notably, HB 463 did not amend KRS 532.080 to reflect the same treatment for an underlying TICS2 conviction.

The canon of statutory construction referred to as *expressio unius est exclusio alterius* refers to the principle that the expression of one thing is to exclude another; or, as in KRS 532.080, the exclusion of one thing is to include the other. Thus, if the General Assembly intended on categorically removing TICS2 from PFO enhancement eligibility, then it would have expressly included an amendment to that effect in HB 463. But, the General Assembly only excluded first-degree possession of a controlled substance, thereby demonstrating that the offense at issue is eligible for PFO enhancement. In addition, this revelation leads us to question why the General Assembly felt the need to expressly prohibit the enhancement of a first-degree possession of a controlled substance conviction in KRS 532.080(8) if, as Gamble contends, it had already expressed so in KRS 218A.1415. We must assume that the General Assembly would not purposefully enact such a superfluous amendment.

To summarize, this Court disagrees with Gamble that the General Assembly intended on prohibiting a conviction based on KRS 218A.1413(1)(c) from being eligible for PFO enhancement. After analyzing HB 463 in its entirety, and the amendments it made to KRS Chapter 218A, we believe the phrase "except that KRS [Chapter] 532 to the contrary

notwithstanding" refers expressly to the Class D felony categorization and penalty range espoused in KRS 532.060, not to the entire portion of Chapter 532. Our interpretation of KRS 218A.1413 provides for a consistent application of HB 463, prevents portions of the statute from being rendered superfluous, and is the most logical interpretation we can fashion. Thusly, we hold that KRS 218A.1413(2)(b)(1) does not prohibit Gamble's sentence from being enhanced to five years imprisonment by virtue of his status as a PFO. In the event the General Assembly did in fact intend on preventing a TICS2 conviction from being enhanced by the PFO statute, it can expressly amend the statute to better reflect their intent in the future.

*Gamble*, 453 S.W.3d at 719–21.

Turning to the present case, we first note that because Eldridge's offenses arose out of KRS 218A.1413(2)(b), the circuit court properly imposed one-year sentences for each individual offense, within the maximum penalty of three years. Next, KRS 532.110 provides for concurrent and consecutive sentencing. As related to this case, KRS 532.110(1)(c) provides, in pertinent part, as follows: "The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed." Here, the highest class of crime to which Eldridge pled guilty and for which he was convicted was a Class D felony. Review of KRS 532.080, the PFO statute, establishes that the maximum aggregate penalty to which Eldridge could be sentenced is twenty years. KRS

532.080(6)(b); *see also Commonwealth v. Durham*, 908 S.W.2d 119, 121 (Ky. 1995) ("When KRS 532.080 is applied to determine the maximum aggregate penalty, as opposed to being used to enhance a penalty, the appropriate reference in a case where the underlying felonies are Class D or C felonies is to subsection (6)(b) rather than to subsection (5).").

In *Gamble*, the Supreme Court specifically reversed this Court's holding that KRS 218A.1413(2)(b) was not subject to PFO enhancement, which is the basis of Eldridge's argument in the present appeal. The Supreme Court stated: "Instead, what we believe the General Assembly meant is that . . . the sentencing court must ignore the contrary penalty range for Class D felonies as detailed in KRS 532.060(2)(d) specifically, but not the PFO provision." *Gamble*, 453 S.W.3d at 721. Therefore, we agree with the Commonwealth that based upon *Gamble*, the longest term the circuit court was authorized to impose was twenty years. Accordingly, the circuit court's decision to sentence Eldridge to four consecutive, one-year terms for a total of four years' imprisonment fell within the permitted sentencing range as set forth in KRS 532.110.

For the foregoing reasons, the judgment of the Johnson Circuit Court is affirmed.

ALL CONCUR.