# Miller v. Commonwealth, for Use of City of Harrodsburg.

May 18, 1945.

C. E. Rankin for appellant.

Eldon S. Dummit, Attorney General, Guy H. Herdman, Assistant Attorney General, and W. H. Phillips for appellee.

Opinion of the Court by Judge Latimer—Affirming.

The question presenting itself here is, whether or not in local option territory it is a violation of KRS 243.-020 (3) for the operator of a place of business patronized by the public, to permit drinking of distilled spirits on his premises. The section in question reads as follows:

"No person, conducting a place of business patronized by the public, who does not hold a license to sell distilled spirits and wine by the drink, shall permit any person to sell, barter, loan, give away or drink distilled spirits or wine on the premises of his place of business."

The stipulated facts show that the appellant not

only consented to, and permitted the drinking in his place of business, but that he actually participated in same.

Under the above facts and law, the appellant, Henry Miller, was convicted and given fine of $100. From that judgment he makes motion for appeal.

Appellant contends that the above section has no application to local option territory, and is restricted to territory under the Alcoholic Control Law.

The court below gave a very able and exhaustive opinion in which he discussed the history of the legislation relative to alcoholic beverages; considered every phase of the defense, and held the above section of the statute to be of general application and not restricted as contended by the appellant.

There might be merit in the appellant's contention if the mere placing of this section by the Revision Commission under the Chapter entitled ''Alcoholic Beverages—Licenses and Taxes'' is violative of Section 51 of our Constitution, which provides no law shall relate to more than one subject. In Conley v. Commonwealth, 98 Ky. 125, 32 S. W. 285, 286, the court said with regard to whether the statute involved therein was unconstitutional as being violative of Section 51:

''In considering the question, we must look to the purpose of the framers of our fundamental law in incorporating this provision into the constitution, and to the spirit of this provision. Many years ago it was determined and judicially declared by this court that the purpose of this provision of the constitution was to remedy the evils of a practice, which had become prevalent of uniting in the same legislative act subjects which had no relation to each other, and of permitting amendments to a bill by which matters wholly distinct from it, and wholly unconnected with the subject of which it treated, were introduced into it, and thereby an improper influence was brought to bear in its final passage. * * *''

In the light of the above, it is obvious that in order to constitute a plurality of subjects, the Act must embrace two or more dissimilar and discordant subjects. If the subdivision or section is germane to the general subject, it should be held to be included in the general.

It is not ordinarily objectionable that the title of the Act does not embrace or dispose of everything to which it relates, providing it is not entirely misleading and is fairly, reasonably and logically related to the scope and purpose of the Act. On the other hand, it is the general rule that a statute shall be interpreted so as to render it consistent with its general scope, and should not be construed in such manner as to render it partly ineffective and inoperative.

The case of Stroud v. Commonwealth, 291 Ky. 588, 165 S. W. 2d 172, is not relevant here. It was decided in that case that one charged with trafficking liquor in local option territory must be prosecuted under the local option law and not under the Alcoholic Beverage Control Act. That is not the situation in the instant case. It is agreed there is nothing in the local option law with reference to the conduct prohibited by KRS 243.020(3) above.

The section above was enacted into law by the General Assembly in its 1938 Session, and is found in Title 4, Article 1 of Chapter 2 of the 1938 Acts. Article 1 is entitled ''Prohibitions, Restrictions and Regulations Relating to All Persons.'' Paragraph 53½, thereunder, prohibits and prescribes penalty for drinking and being drunk in a public place. It is immediately followed by paragraph 53¾, the section under discussion. The Statute Revision Commission placed 53½, above, under Chapter 244 of the statutes. It placed 53¾ under Chapter 243 of the statutes. Does this arbitrary arrangement or placement by the Commission render this a restricted statute rather than a general statute? If the section above is not general as concerns the scope of its application, then, it would not be an offense for the operator of a place of business, to permit the drinking of distilled spirits in local option territory. The adoption of this view would lead to ludicrous results. The prohibition against public drunkenness, being found under the same Article 1, Title 4 of Chapter 2 of the Acts, would be applicable only to territory under the control of the Act, and not to local option territory, or, in other words, a person could get drunk on a passenger train in local option territory without violating the statute on drunkenness, and ride into wet territory where he would be an offender. Certainly this was not the intention of the Legislature.

The correct and necessary conclusion, therefore, is that KRS 243.020 (3), above, is general in the scope of its application. The court below was correct in his opinion, and the judgment entered therein was proper. Motion for appeal is granted and the judgment of the court below is affirmed.