James **HALLAHAN**, Clerk, Jefferson County Court, et al., Appellants,

v.

William E. **CRANFILL**, Sheriff, Jefferson County, Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 23, 1964.

E. P. Sawyer, Jefferson County Atty., Louisville, for appellants.

Gerald Kirven, Raymond F. Bossmeyer, J. Allen Sherman, Asst. City Law Director, Louisville, for appellees.

Robert Matthews, Atty Gen., Walter C. Herdman, Asst. Atty. Gen., Frankfort, amici curiæ.

CULLEN, Commissioner.

We have an appeal from a judgment of the Jefferson Circuit Court holding invalid Sections 2 and 7(1) of Chapter 189 of the Acts of 1964, KRS 126.145, 126.225(1) which amended the Absent Voting Law (KRS Chapter 126).

Section 2 of the Act, which provides for absentee *registration,* was held invalid on the ground of a violation of Section 51 of the Kentucky Constitution and on the ground that it is so ambiguous as to be incapable of being given effect.

Section 51 of the Kentucky Constitution requires that the subject to which an Act relates be expressed in the title. The Act in question is entitled "An Act relating to absentee voting." It was the opinion of the circuit that the subject of absentee *registration* was not covered by that title.

It has been held that any provision of an Act that is germane to and fairly, reasonably and logically related to the general subject expressed in the title must be considered to be within the scope of the notice of the subject given by the title. See Miller v. Commonwealth, 300 Ky. 215, 187 S.W.2d 837; Hopson v. Bd. of Ed. of Louisville, Ky., 280 S.W.2d 489; Board of Trustees of Policemen's & Fireman Retirement Fund v. City of Paducah, Ky., 333 S.W.2d 515.

Previous absent voting laws of Kentucky have included provisions for absentee registration. See KRS 126.170 prior to 1964 amendment. We believe that registration would be considered by most people as a part of the voting process. In the great majority of instances the person who would seek absentee registration would also be an absentee voter. In view of these considera-

tions it is our opinion that the matter of absentee registration is sufficiently germane and related to the subject of absentee voting to be within the scope of that subject for the purposes of Section 51 of the Constitution.

▉ Section 2 of the Act, in its introductory sentence, speaks of applications for registration "by persons absent from the county," thus giving an indication that it applies to all absentees, but the remainder of the section, setting forth a form of application, is so phrased as to be limited to members of the "United States Services" (as defined in Section 1 of the Act). The circuit court held that the section was so ambiguous as to be incapable of being given effect.

Giving consideration to the general purport of the section and the apparent reasons for its enactment, it is our opinion that it reasonably should be construed as being limited to members of the United States Services, and as so construed it is capable of being given effect

Section 7 of the Act provides for a public examination of applications for absentee ballots to be conducted by the county board of election commissioners and the county clerk, beginning the 19th day before the election. On the basis of testimony by a member of the Jefferson County Board of Election Commissioners the circuit court held that the examination in Jefferson County could not be completed in time to meet the requirements of a free and equal election and therefore the section was void.

▉ The testimony was to the effect that there would be over 6000 applications in the county and the examination process would take a minimum of 83 hours. This contemplated, however, that the three election commissioners and the county clerk would personally and jointly make the examination. We think it would conform with the statute for the commissioners and the clerk, in counties where there are a large number of applications, to utilize deputies, appropriately apportioned according to party affiliation,

to conduct, under supervision of the commissioners and the clerk, at least that part of the examination process required for the determination of "the voter's right to make application, as well as the validity of the form and method of submitting the application itself." This should enable that part of the process to be completed in relatively few hours. Perhaps also the procedure of reading the names aloud for challenge purposes could be shortened by prearranging the applications in an order that would enable challenges to be anticipated so that the reading process could be speeded up.

▉ We believe it must be considered that the legislature's primary intent was that the examination be made. While the legislature also intended the examination to be made as nearly as possible by the election commissioners and the county clerk in person, that intent should not be given such predominance as to defeat the primary objective of the statute. Use of deputies by officers for ministerial functions is recognized as proper by KRS 61.035, and we think the use of deputies where necessary in the examination process here in question is within the scope of the statute.

The circuit court was of the opinion that the examination procedure, even if completed with reasonable promptness, might result in such delay as to prevent distant voters from having time to receive and send in their ballots. We believe this could be avoided by processing first the applications of the most distant applicants. Furthermore, under Section 7(2) of the 1964 Act, the examination is not required of applications by members of the United States Services, who normally would constitute the great majority of the distant applicants.

The circuit court also was of the opinion that the examination could not be completed in time to meet the 10-day posting requirement of Section 9 of the 1964 Act. We believe that by use of the methods hereinbefore indicated the requirement could substantially be met.

The statute here in question differs materially from the one held invalid in Queenan v. Russell, Ky., 339 S.W.2d 475, in that it allows five more days in which to make the examination and it provides for a much more simplified examination process.

The circuit court found, as additional grounds of invalidity of Section 7(1) of the Act, that: 1. No authority is given for the county clerk or the county board of election commissioners in Jefferson County to have access to the registration records of the voters in Louisville which are in the custody of the city board of registration commissioners; 2. There is no way of determining what applications are exempted from examination because the term "United States Services" in the exempting clause of Section 7(2) is not defined in the Act (the definition of that term in Section 1 purports to be only for the purpose of absentee registration); 3. The section does not provide an opportunity for a rejected applicant to protest or obtain a review of the rejection.

As concerns ground No. 1 it is our opinion that the statute clearly intends that the city registration records be made available, and it therefore must be considered as impliedly amending KRS 117.725, which forbids the city board (with certain exceptions) to allow the records to leave its office.

As concerns ground No. 2 it is our opinion, from an examination of the statute as a whole, and particularly the legislative history of KRS 126.140 (which was amended by Section 1 of the 1946 Act), that it must reasonably have been the legislative intent that "United States Services" as used in Section 7(2) should have the same meaning as defined in Section 1.

As concerns ground No. 3 it is our opinion that the failure to provide an opportunity for protest or review is not a ground of invalidity of the Act. Absent voting is a privilege and not an absolute right. Warren v. Rayburn, Ky., 267 S.W.2d

720; Crowe v. Emmert, Ky., 305 S.W.2d 272. We believe the examination procedure provides reasonable safeguards against arbitrary rejection of an application.

An order previously has been issued that the judgment be reversed with directions to enter judgment in conformity with the order.