**COMMONWEALTH of Kentucky, Appellant,**

v.

**Kristopher Lee KERR, Appellee.**

**No. 2003–CA–001330–MR.**

Court of Appeals of Kentucky.

May 28, 2004.

Albert B. Chandler III, Attorney General, Todd D. Ferguson, Assistant Attorney General, Frankfort, for Appellant.

Steve Vidmer, Murray, for Appellee.

Before EMBERTON, Chief Judge; COMBS and TACKETT, Judges.

1. Kentucky Revised Statutes.

## OPINION

EMBERTON, Chief Judge.

The Commonwealth of Kentucky appeals from an order of the Trigg Circuit Court declaring KRS [1] 250.489 to be unconstitutionally vague and dismissing the indictment against Kristopher Lee Kerr.

KRS 250.489(1) states:

It shall be unlawful for any person to knowingly possess anhydrous ammonia in any container other than an approved container.

The statute was enacted through House Bill 501. In that same bill, KRS 250.482 was amended to define "approved container" as a "container for anhydrous ammonia which meets or exceeds the requirements of the Federal law or regulation for the storage and handling of anhydrous ammonia." However, the statute states it is only applicable to sections KRS 250.482 to 250.488. When the crime of possession of anhydrous ammonia in an unapproved container was assigned a statute number by the compiler of the statutes, it was given KRS 250.489, outside the purview of KRS 250.482. The circuit court held that because of this error, an "approved container" is not defined and the statute is unconstitutionally vague.

It is a basic premise of our penal law that criminal statutes must be definite enough that citizens are given fair notice of what is forbidden.

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. Although the doctrine focuses both on actual notice to citizens and arbitrary

enforcement, we have recognized recently that the more important aspect of the vagueness doctrine 'is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement.' Where the legislature fails to provide such minimal guidelines, a criminal statute may permit 'a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.' "[2]

 We agree with Kerr's position that if "approved container" is not defined, then KRS 250.489 is void for vagueness. "Approved" necessarily requires that a citizen possessing anhydrous ammonia have some standard from which it can be determined whether the chemical is in a proper container. Because KRS 250.482 is applicable to KRS 250.489, however, Kerr's constitutional argument must fail.

The rules of statutory construction were summarized in *Commonwealth v. Kash:*[3]

The primary purpose of judicial construction is to carry out the intent of the legislature. In construing a statute, the courts must consider "the intended purpose of the statute—the reason and spirit of the statute—and the mischief intended to be remedied." The courts should reject a construction that is "unreasonable and absurd, in preference for one that is 'reasonable, rational, sensible and intelligent' ...." In addition, the courts must construe statutes in a manner that saves their constitutionality whenever possible consistent with "reason and common sense." On the other hand, a court should not add words or cure an omission "to give constitutionally permissible meaning where none would otherwise exist." Under the doctrine of *in pari materia,* statutes having a common purpose or subject matter must be construed together. (Citations omitted.)

 The courts have consistently rejected reliance on a compiler's error to strike down or otherwise aid in interpreting a statute.[4] "Misspelling, false grammar, and erroneous punctuation will not vitiate an instrument, statute, indictment, or contract, where its fair intent can be gathered from the whole text."[5]

We believe it is totally logical to conclude that when the legislature amended KRS 250.482 to include the definition of approved container, and at the same time, declare it illegal to possess anhydrous ammonia in an unapproved container, it intended the definition to apply to the new penal statute. The error committed by the compiler of KRS 250.489 by giving it a number outside the scope of KRS 250.482 does not render unconstitutional an otherwise constitutional statute.

The order of the Trigg Circuit Court is reversed and the case remanded for further proceedings.

ALL CONCUR.

---

2. *Musselman v. Commonwealth,* Ky., 705 S.W.2d 476, 478 (1986) (quoting *Kolender v. Lawson,* 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)).

3. Ky.App., 967 S.W.2d 37, 43–44 (1997).

4. *See Miller v. Commonwealth,* 300 Ky. 215, 187 S.W.2d 837 (1945); *Walton v. Carter,* Ky., 337 S.W.2d 674 (1960).

5. *Nunley v. Commonwealth,* 307 Ky. 274, 210 S.W.2d 962, 963 (1948) (quoting *Gaither v. Commonwealth,* Ky., 91 S.W. 1124 (1906)).