**COMMONWEALTH of Kentucky, Appellant**

v.

**Rex HINTON, Appellee**

**NO. 2016–CA–000637–MR**

Court of Appeals of Kentucky.

APRIL 28, 2017

BRIEF FOR APPELLANT: Andy Beshear, Attorney General of Kentucky, S. Parker Boggs, Jonathon C. Lee, Special Assistant Attorneys General, Frankfort, Kentucky

BRIEF FOR APPELLEE: Russell D. Alred, Harlan, Kentucky

BEFORE: J. LAMBERT, NICKELL, AND TAYLOR, JUDGES.

OPINION

LAMBERT, J., JUDGE:

The Commonwealth of Kentucky has appealed from the order of the Harlan Circuit Court granting Rex Hinton's Kentucky Rules of Evidence (KRE) 504 motion to assert the spousal privilege in his criminal prosecution for Torture of Dog or Cat in violation of Kentucky Revised Statutes (KRS) 525.135. Because we agree with the Commonwealth that the trial court erred as a matter of law in granting Hinton's motion, we vacate the order on appeal.

In April 2014, Kentucky State Police Trooper Jimmy Halcomb filed a criminal complaint against Hinton, stating that the previous month Hinton had burned the family's cat alive "by throwing it into a burning wood stove" and that "[t]his conduct constitutes the intentional infliction of intense physical pain, injury and ultimate death to the cat. The manner of torture was motivated by the intent to increase, maximize and prolong the pain of the family pet." Hinton was arrested pursuant to a warrant, and the matter was waived to the grand jury. The Harlan County grand jury returned a one-count indictment against Hinton charging him with Torture of Dog or Cat causing serious injury or death pursuant to KRS 525.135, a Class D felony. A trial date was scheduled for early 2016.

Prior to the trial date, Hinton filed a notice and motion to assert the spousal privilege pursuant to KRE 504(a) and KRE 511(b) in order to prevent his wife, Brenda Schoonover, from being compelled to testify against him. In its response, the Commonwealth objected to the motion, citing an exception to the privilege set forth in KRE 504(c) because the subject of the prosecution was the personal property of the other spouse and arguing that the statements were not confidential pursuant to KRE 504(b) and therefore not subject to the privilege. Schoonover made statements

to Trooper Halcomb that Hinton had grabbed the cat and threw it into the wood burning stove. She got the cat out of the stove, but the cat had died.[1] Hinton later filed an affidavit from Schoonover stating that the cat was not a family pet, but belonged to Hinton, who had rescued the cat from a gas station. Hinton also filed a marriage certificate establishing that he and Schoonover were married in September 2013 in Virginia.

By order entered March 23, 2016, the trial court granted Hinton's motion, holding as follows (emphasis in original):

> Defendant has filed notice of his intent, and a motion, to assert the spousal *testimonial* privilege provided in KRE 504(a). The Commonwealth has filed a response and objection, arguing that the exceptions to the spousal *communications* privilege in KRE 504(b) apply. They do not. The KRE 504(a) testimonial privilege states:
>
> (a) Spousal testimony. The spouse of a party has a privilege to refuse to testify against the party as to events occurring after the date of their marriage. A party has a privilege to prevent his or her spouse from testifying against the party as to events occurring after the date of their marriage.
>
> The testimonial privilege is absolute. A defendant may invoke it and prevent his spouse from testifying, period. Whether a third party may testify to what a nondefendant spouse has said, pursuant to the exceptions to the *communications* privilege listed in KRE 504(b), is not before the Court at this time.
>
> Therefore, IT IS HEREBY ORDERED that, pursuant to KRE 504(a),

Defendant's wife shall not be allowed to testify against him.

This interlocutory appeal by the Commonwealth now follows.

On appeal, the Commonwealth argues that the trial court erred and abused its discretion in granting Hinton's motion because it failed to apply the exceptions to the rule found in KRE 504(c). Our standard of review is set forth in *Meyers v. Commonwealth*, 381 S.W.3d 280, 283 (Ky. 2012):

> First, we must interpret the language of KRE 504(c)(2)(A). We do so de novo. *See Nash v. Campbell Cnty. Fiscal Court*, 345 S.W.3d 811, 816 (Ky. 2011) ("Issues of law are reviewed de novo by a reviewing court."). Second, we must determine whether the trial court abused its discretion in permitting Appellant's spouse to testify under our interpretation of KRE 504(c)(2)(A). *See Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000) ("[A]buse of discretion is the proper standard of review of a trial court's evidentiary rulings."). Finally, because we find that the trial court abused its discretion, we ask whether the trial court's error was harmless. *See Winstead v. Commonwealth*, 283 S.W.3d 678, 688–89 (2009) (*citing Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)); RCr 9.24.

With this standard in mind, we shall consider the Commonwealth's argument.

KRE 504 sets forth Kentucky's rule of evidence concerning the husband-wife privilege:

> (a) Spousal testimony. The spouse of a party has a privilege to refuse to testify against the party as to events occurring after the date of their marriage. A party

---

1. This information was contained in a report from Trooper Halcomb that is apparently not in the record on appeal.

has a privilege to prevent his or her spouse from testifying against the party as to events occurring after the date of their marriage.

(b) Marital communications. An individual has a privilege to refuse to testify and to prevent another from testifying to any confidential communication made by the individual to his or her spouse during their marriage. The privilege may be asserted only by the individual holding the privilege or by the holder's guardian, conservator, or personal representative. A communication is confidential if it is made privately by an individual to his or her spouse and is not intended for disclosure to any other person.

(c) Exceptions. There is no privilege under this rule:

(1) In any criminal proceeding in which the court determines that the spouses conspired or acted jointly in the commission of the crime charged;

(2) In any proceeding in which one (1) spouse is charged with wrongful conduct against the person or property of:

(A) The other;

(B) A minor child of either;

(C) An individual residing in the household of either; or

(D) A third person if the wrongful conduct is committed in the course of wrongful conduct against any of the individuals previously named in this sentence; or

(3) In any proceeding in which the spouses are adverse parties.

(d) Minor child. The court may refuse to allow the privilege in any proceeding if the interests of a minor child of either spouse may be adversely affected.

■■■ In Kentucky, "[t]he primary purpose of judicial construction is to carry out the intent of the legislature. In construing a statute, the courts must consider the intended purpose of the statute—and the mischief intended to be remedied. A court may not interpret a statute at variance with its stated language." *Monumental Life Ins. Co. v. Dept. of Revenue*, 294 S.W.3d 10, 19 (Ky. App. 2008) (internal quotations omitted), *citing SmithKline Beecham Corp. v. Revenue Cabinet*, 40 S.W.3d 883, 885 (Ky. App. 2001). The interpretation of Kentucky's Rules of Evidence follows this same process. *See Meyers*, 381 S.W.3d 280, 283. "The courts should reject a construction that is unreasonable and absurd, in preference for one that is reasonable, rational, sensible and intelligent[.]" *Monumental Life Ins. Co.*, 294 S.W.3d at 19 (internal quotations omitted), *citing Commonwealth v. Kerr*, 136 S.W.3d 783, 785 (Ky. App. 2004); *Commonwealth v. Kash*, 967 S.W.2d 37, 43–44 (Ky. App. 1997). "[T]he courts have a duty to accord statutory language its literal meaning unless to do so would lead to an absurd or wholly unreasonable result." *Commonwealth v. Rhodes*, 308 S.W.3d 720, 723 (Ky. App. 2010) (internal quotation marks omitted), *citing Holbrook v. Kentucky Unemployment Ins. Com'n*, 290 S.W.3d 81, 86 (Ky. App. 2009). "[S]tatutes must be given their literal interpretation unless they are ambiguous and if the words are not ambiguous, no statutory construction is required. We lend words of a statute their normal, ordinary, everyday meaning." *Stephenson v. Woodward*, 182 S.W.3d 162, 170 (Ky. 2005) (internal citations and quotation marks omitted), *citing Commonwealth v. Plowman*, 86 S.W.3d 47, 49 (Ky. 2002).

■■■ In the present case, the trial court held that KRE 504(a) provides an absolute privilege for spousal testimony. We hold that this interpretation is wrong as a matter of law. The rule contains two limitations; one (KRE 504(b)) addresses marital

communications, which is not at issue in this case, and the other (KRE 504(c)) addresses exceptions to the rule. And in *St. Clair v. Commonwealth*, 174 S.W.3d 474, 479 (Ky. 2005), the Supreme Court of Kentucky confirmed that the exceptions in subsection (c) apply to both subsections (a) and (b): "KRE 504 contains a spousal testimonial privilege, KRE 504(a), a confidential marital communications privilege, KRE 504(b), and *exceptions to those privileges* in KRE 504(c)." (Emphasis added.) Therefore, the trial court erred when it held that the spousal testimonial privilege is absolute and that "[a] defendant may invoke it and prevent his spouse from testifying, period."

The Commonwealth contends that an exception applies in the case, which prevents either Hinton or his wife from asserting the spousal privilege. KRE 504(c)(2)(A) provides that there is no privilege "[i]n any proceeding in which one (1) spouse is charged with wrongful conduct against the person *or property of* [t]he other[.]" (Emphasis added.) The cat, the Commonwealth asserts, was at least partially the property of Schoonover, and

therefore that exception should apply to prevent application of the privilege. The trial court failed to even consider the application of KRE 504(c) based upon its erroneous holding that the spousal testimony privilege is absolute. Therefore, we must vacate the trial court's ruling and remand this matter to permit the court to consider this issue. The court may hold a hearing and permit the parties to provide proof on this issue and then make the necessary factual findings to determine whether the exception contained in KRE 504(c)(2)(A) applies in this case.[2]

For the foregoing reasons, the order of the Harlan Circuit Court is vacated, and this matter is remanded for further proceedings in accordance with this opinion.

ALL CONCUR.

---

2. We are aware of Schoonover's affidavit, in which she states that the cat belonged to Hinton. The court must decide on remand whether the cat was marital property and, therefore, the property of both Hinton and Schoonover.