Cameron **JACKSON**, Appellant

v.

**COMMONWEALTH of Kentucky, Appellee**

**NO. 2016-CA-001429-MR**

Court of Appeals of Kentucky.

SEPTEMBER 22, 2017; 10:00 A.M.

BRIEFS FOR APPELLANT: Brandon N. Voelker, Fort Mitchell, Kentucky.

BRIEF FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, Jesse L. Robbins, Assistant Attorney General, Frankfort, Kentucky.

BEFORE: COMBS, JOHNSON, AND J. LAMBERT, JUDGES.

## OPINION

LAMBERT, J., JUDGE:

Cameron Jackson has directly appealed from the Final Judgment of the Campbell Circuit Court convicting him of driving on a DUI-suspended license, third offense aggravator, following a bench trial, and sentencing him to twelve months in jail. Jackson contests the circuit court's denial of his pre-trial motion to dismiss that charge. Finding no error, we affirm.

The facts in this case are largely uncontested, and we shall only briefly recount them. After fishing on his mother's private property in Campbell County, Jackson flipped his truck while driving on her property and injured himself. His mother called 911 to report the accident and that he had been drinking. Responding officers noticed that Jackson smelled strongly of alcohol, but he refused to give a blood sample. Emergency workers transported Jackson to the hospital so that he could receive necessary medical treatment. Officers obtained the results of a blood draw while he was hospitalized.

As a result, the Campbell County grand jury indicted Jackson on two charges. Count 1 charged that he was operating a motor vehicle while under the influence of alcohol/drugs, fourth offense, pursuant to Kentucky Revised Statutes (KRS) 189A.010(5). Count 2 charged that he was driving on a DUI suspended license, second offense, aggravator, while he was under the influence of alcohol or drugs pursuant to KRS 189A.090(2). Jackson entered a not guilty plea at his arraignment, and he was placed on home incarceration. The condition of home incarceration was later removed from his bond.

Prior to trial, Jackson moved to suppress any evidence the officers discovered based on lack of consent to enter the property and lack of a warrant, as well as the blood test results based upon lack of consent and an alleged HIPAA violation. The Commonwealth objected to the motion, and the court held a hearing. The court ultimately denied the motion to suppress, setting forth the factual circumstances and its legal conclusions on the issues. None of the issues raised in the motion to suppress is before this Court on appeal.

Based on information discovered at the suppression hearing, Jackson moved to

dismiss Count 2 of the indictment, the driving on a DUI suspended license charge. Jackson argued that KRS 186.620(2) prohibits a person from operating a motor vehicle on a highway without a license. Because he had been driving on private property belonging to his mother and stepfather, he was not required to have a license and therefore could not have committed the offense for which he was charged. The Commonwealth objected to the motion, arguing that a criminal proceeding may not be dismissed without the consent of the presiding judge and the Commonwealth, and because Jackson had been charged with a violation of KRS 189A.090, not KRS 186.620. Jackson also filed a motion *in limine* to exclude evidence of his prior DUI convictions or other charges. The circuit court denied both motions by order entered August 16, 2016, noting that it did not have the authority to dismiss the indictment. The following day, Jackson moved the court to exclude any evidence of driving on a private property for purposes of a need for a driver's license, making the same argument he did in the motion to dismiss.

The court held a bench trial on August 17, 2016,[1] and Jackson renewed his previously filed motions at the close of the Commonwealth's case. The court found Jackson not guilty under Count 1 and dismissed that charge, and it found him guilty of Count 2. In its Final Judgment entered September 14, 2016, the court sentenced Jackson to twelve months in the Campbell County Detention Center. This appeal now follows.

On appeal, Jackson's sole argument is that the circuit court erred in denying his motion to dismiss based upon the application of KRS 186.620. Because this necessarily requires us to interpret that statute in relation to KRS 189A.090, and statutory interpretation is a question of law, we shall review this matter *de novo. Commonwealth v. Gamble*, 453 S.W.3d 716, 718 (Ky. 2015); *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998).

In Kentucky, "[t]he primary purpose of judicial construction is to carry out the intent of the legislature. In construing a statute, the courts must consider the intended purpose of the statute–and the mischief intended to be remedied. A court may not interpret a statute at variance with its stated language." *Monumental Life Ins. Co. v. Dept. of Revenue*, 294 S.W.3d 10, 19 (Ky. App. 2008) (internal quotation marks omitted) (citing *Smith-Kline Beecham Corp. v. Revenue Cabinet*, 40 S.W.3d 883, 885 (Ky. App. 2001)). "The courts should reject a construction that is unreasonable and absurd, in preference for one that is reasonable, rational, sensible and intelligent[.]" *Monumental Life Ins. Co.*, 294 S.W.3d at 19 (internal quotation marks omitted) (citing *Commonwealth v. Kerr*, 136 S.W.3d 783, 785 (Ky. App. 2004)); *Commonwealth v. Kash*, 967 S.W.2d 37, 43–44 (Ky. App. 1997). "[T]he courts have a duty to accord statutory language its literal meaning unless to do so would lead to an absurd or wholly unreasonable result." *Commonwealth v. Rhodes*, 308 S.W.3d 720, 723 (Ky. App. 2010) (internal quotation marks omitted) (quoting *Holbrook v. Kentucky Unemployment Ins. Comm'n*, 290 S.W.3d 81, 86 (Ky. App. 2009)). "[S]tatutes must be given their literal interpretation unless they are ambiguous and if the words are not ambiguous, no statutory construction is required. We lend words of a statute their normal, ordinary, everyday meaning." *Stephenson v. Woodward*, 182 S.W.3d 162, 170 (Ky. 2005) (internal citations and quotation marks omit-

---

1. The recording of the bench trial was not included in the certified record on appeal.

ted) (quoting *Commonwealth v. Plowman*, 86 S.W.3d 47, 49 (Ky. 2002)).

■ Jackson was charged with operating a motor vehicle while his license was DUI-suspended under KRS 189A.090, which provides in relevant part as follows:

(1) No person shall operate or be in physical control of a motor vehicle while his or her license is revoked or suspended under this chapter, or upon the conclusion of a license revocation period pursuant to KRS 189A.340 unless the person has his or her valid ignition interlock license in the person's possession and the motor vehicle or motorcycle is equipped with a functioning ignition interlock device as required by KRS 189A.420.

Jackson, however, claims that because he was not driving on a highway, but rather on private property, he was not required to have a valid license to operate a motor vehicle on that property. KRS Chapter 186 addresses licensing of motor vehicles and operators. Under that Chapter, KRS 186.620(2) provides that

No person who has not applied for an operator's license or whose operator's license has been denied, canceled, suspended or revoked, or whose privilege to operate a motor vehicle has been withdrawn, shall operate any motor vehicle **upon the highways** while the license is denied, canceled, suspended, or revoked or his privilege to operate a motor vehicle is withdrawn, or the license has not been applied for.

(Emphasis added.) KRS 186.010(2) defines "highway" as "every way or place of whatever nature when any part of it is open to the use of the public, as a matter of right, license, or privilege, for the purpose of vehicular traffic[.]" KRS 189.010(3), found in the Chapter addressing traffic regulation, defines "highway" as

any public road, street, avenue, alley or boulevard, bridge, viaduct, or trestle and the approaches to them and includes private residential roads and parking lots covered by an agreement under KRS 61.362, off-street parking facilities offered for public use, whether publicly or privately owned, except for-hire parking facilities listed in KRS 189.700[.]

Therefore, because the General Assembly only mandated that an operator have a license for driving on a highway, but not private property, Jackson contends that he could not be convicted for operating a motor vehicle on a DUI suspended license.

In response, the Commonwealth argues that under the plain language of KRS 189A.090, a person is prohibited from operating a motor vehicle while his license is revoked or suspended under KRS Chapter 189A. The General Assembly did not include any language that the person had to be operating the motor vehicle on a public highway as defined by KRS 186.010(2) or KRS 189.010(3), set forth above, and this Court should not add such a requirement to the statutory language.

We agree with the Commonwealth that in the specific and unambiguous language it chose to use in KRS 189A.090(1), the General Assembly meant to prevent a person from operating a motor vehicle in any location, be it a public highway or private property, while his or her license is revoked or suspended under KRS Chapter 189A. The General Assembly certainly could have narrowed the application of the statute by limiting its reach to those locations where an operator requires a license to drive the motor vehicle. But it did not choose to do so, and we must interpret and give effect to the language the General Assembly used in the statute. In so holding, we find no merit in Jackson's argu-

ments in his reply brief that there is an apparent conflict between the two statutes requiring that they be harmonized and that unreasonable consequences might arise leading to interlock devices being placed on tractors, golf carts, or ATVs. Accordingly, the circuit court properly denied the motion to dismiss, albeit for a different reason, and properly convicted Jackson under Count 2 of the indictment.

For the foregoing reasons, the final judgment of the Campbell Circuit Court is affirmed.

ALL CONCUR.