RENDERED: AUGUST 27, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1225-MR

AARON CAMPBELL $\qquad$ APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.        HONORABLE ERNESTO M. SCORSONE, JUDGE
ACTION NO. 09-CR-01833-001

COMMONWEALTH OF KENTUCKY $\qquad$ APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; MAZE AND K. THOMPSON, JUDGES.

CLAYTON, CHIEF JUDGE: Aaron Campbell appeals *pro se* from a Fayette

Circuit Court order denying his application to vacate and expunge a felony

conviction pursuant to Kentucky Revised Statutes (KRS) 431.073. We vacate and

remand for further proceedings.

Campbell seeks to expunge a conviction for third-degree burglary, a class D felony. He entered a plea of guilty to the charge in May 2010 and final judgment in the case was entered on June 29, 2010. Campbell was sentenced to one year of imprisonment probated for three years. After Campbell committed new offenses, the trial court revoked his probation and ordered him to serve the one-year term of imprisonment. Campbell completed the sentence on December 1, 2011.

In 2013, Campbell was convicted in Jefferson County of three counts of complicity to second-degree burglary, second-degree escape, and tampering with a prisoner-monitoring device. He did not appeal from these convictions.

In 2014, he entered conditional guilty pleas in Fayette Circuit Court in two separate, but factually-related robbery prosecutions. *Campbell v. Commonwealth*, No. 2014-SC-000140-MR, 2015 WL 5652016, at *1 (Ky. Sept. 24, 2015). In one case, Campbell pled guilty to second-degree robbery and was sentenced to ten years' imprisonment. In the other case, he pled guilty to first-degree robbery and being a second-degree Persistent Felony Offender (PFO 2) and was sentenced to twenty years' imprisonment. The sentences were ordered to run consecutively. *Id*. The Kentucky Supreme Court affirmed the convictions on direct appeal. *Id*. at *5.

Campbell filed a motion to vacate the convictions pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. The trial court denied the motion and its decision was subsequently affirmed on appeal. *See Campbell v. Commonwealth*, No. 2016-CA-001666-MR, 2018 WL 297262 (Ky. App. Jan. 5, 2018).

Campbell then filed a motion for relief pursuant to Kentucky Rules of Civil Procedure (CR) 60.02 in the case involving the first-degree robbery and PFO 2 for which he received the twenty-year sentence. The trial court's denial of the motion was affirmed on appeal. *See Campbell v. Commonwealth*, No. 2018-CA-001884-MR, 2020 WL 507620 (Ky. App. Jan. 31, 2020), *review denied* (Ky. Oct. 21, 2020).

On February 12, 2020, before the opinion in the CR 60.02 appeal became final, Campbell filed an application under KRS 431.073 seeking expungement of the third-degree burglary conviction dating from 2010. Due to the COVID-19 pandemic, the trial court conducted the hearing on the motion remotely via Zoom. Campbell was not in attendance nor does it appear that he was represented by counsel at the proceeding. The trial court denied Campbell's application on the grounds that Campbell was still serving time on a different charge. This appeal by Campbell followed.

The Commonwealth concedes that the grounds relied upon by the court to deny Campbell's petition were erroneous. It argues that Campbell's conviction was nonetheless ineligible for expungement under the express language of KRS 431.073(5)(c). The Commonwealth further concedes that Campbell was entitled to be present at the hearing on his petition, but that the error was harmless under RCr 9.24 because his conviction was ineligible for expungement as a matter of law.

Because this appeal presents a question of statutory interpretation, our review is *de novo. Whitcomb v. Commonwealth*, 424 S.W.3d 417, 419 (Ky. 2014). "As with any case involving statutory interpretation, our duty is to ascertain and give effect to the intent of the General Assembly. We are not at liberty to add or subtract from the legislative enactment nor discover meaning not reasonably ascertainable from the language used." *Beckham v. Board of Educ. of Jefferson County*, 873 S.W.2d 575, 577 (Ky. 1994) (citation omitted).

The expungement statute relating to felony convictions provides that the court may order the judgment vacated and the charges dismissed with prejudice if the court finds all of the following:

> (a) The person had not, after June 27, 2019, had a felony conviction vacated and the record expunged pursuant to this section;

(b) The person had not in the five (5) years prior to the filing of the application to have the judgment vacated been convicted of a felony or a misdemeanor;

**(c) No proceeding concerning a felony or misdemeanor is pending or being instituted against the person**; and

(d) For an application pursuant to subsection (1)(d) of this section, the person has been rehabilitated and poses no significant threat of recidivism.

KRS 431.073(5) (emphasis supplied).

According to the Commonwealth, the CR 60.02 appeal which was pending at the time Campbell filed his expungement petition was a "proceeding concerning a felony or misdemeanor" and thereby disqualifies his 2010 conviction from expungement under KRS 431.073(5)(c). It argues that the phrase "against the person" in subsection (5)(c) relates only to proceedings "being instituted," not to proceedings which are "pending." This interpretation of the statutory language is illogical. If we omit the phrase "or being instituted against the person" from the sentence, we are left with "[n]o proceeding concerning a felony or misdemeanor is pending[,]" without any reference to any individual. "The courts should reject a construction that is unreasonable and absurd, in preference for one that is reasonable, rational, sensible and intelligent[.]" *Commonwealth v. Kerr*, 136 S.W.3d 783, 785 (Ky. App. 2004) (internal quotation marks and citation omitted).

The plain intent of the section is to disqualify applications for expungement from individuals who have recently committed additional offenses.

The CR 60.02 proceeding was initiated by Campbell seeking post-conviction relief; it was not instituted against him nor was it pending against him at the time he filed his expungement application. Consequently, Campbell's felony conviction is not rendered ineligible for expungement under KRS 431.073(5)(c). We caution that our ruling in this matter should not be taken to mean that Campbell's application meets all the other requirements of the expungement statute, merely that it will not be disqualified for failure to comply with KRS 431.073(5)(c). He must meet all the other mandatory requirements of KRS 431.073(5).

Furthermore, the ultimate decision rests within the discretion of the trial court, which "may" thereafter grant the application if it determines the circumstances warrant vacation and expungement and if the harm to the applicant clearly outweighs the public interest. KRS 431.073(4)(c).

For the foregoing reasons, the order of the trial court denying Campbell's petition is vacated, and the matter is remanded for further proceedings and a hearing in accordance with KRS 431.073.

MAZE, JUDGE, CONCURS.

THOMPSON, K., JUDGE, DISSENTS AND FILES SEPARATE OPINION.

THOMPSON, K., JUDGE, DISSENTING:  I dissent as I believe vacating and remanding is an exercise in futility as the Fayette Circuit Court appropriately exercised its discretion in denying Aaron Campbell's application to vacate and expunge his felony conviction and would simply do the same thing on remand, albeit with a little more explanation.

Kentucky Revised Statutes (KRS) 431.073(5) states in relevant part for persons not subject to subsection (1)(d) that "[t]he court may order the judgment vacated . . . if the court finds that" the three enumerated grounds in (5)(a)-(c) are satisfied.  KRS 431.073(5)(c) requires that "[n]o proceeding concerning a felony or misdemeanor is pending or being instituted against the person[.]"

The Commonwealth admitted error in arguing to the circuit court that Campbell was statutorily ineligible for expungement under KRS 431.073(5)(c) on the basis that his current incarceration on other convictions constituted "pending proceedings."  It attempts to save the denial of expungement on the basis that its erroneous argument was harmless as subsection (5)(c) is not satisfied where Campbell has a pending Kentucky Rules of Civil Procedure (CR) 60.02 motion challenging one of the convictions on which he is currently serving time.

-7-

I agree with the majority opinion that the Commonwealth's argument was erroneous. However, that does not mean that the circuit court's order denying Campbell's expungement must be vacated.

The Commonwealth went a step too far in concluding that its erroneous argument made the circuit court's finding and denial of expungement in error. The majority opinion, likewise, errs in concluding that the order denying expungement must thereby be vacated.

"Trial judges are presumed to know the law and to apply it in making their decisions." *Bowling v. Commonwealth*, 168 S.W.3d 2, 13 (Ky. 2004) (quoting *Walton v. Arizona*, 497 U.S. 639, 653, 110 S.Ct. 3047, 3057, 111 L.Ed.2d 511 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)). Judges can rely upon applicable legal authority in making decisions, whether or not parties identify it for them. *Burton v. Foster Wheeler Corp.*, 72 S.W.3d 925, 930 (Ky. 2002).

The circuit court was perfectly capable of reading the statute and applicable case law, exercising its discretion, and reaching its own conclusion as to whether to grant or deny expungement. I agree with the reasoning contained in *Frantz v. Commonwealth*, No. 2017-CA-000526-MR, 2018 WL 3954293 (Ky.App. Aug. 17, 2018), that even if the KRS 431.073(5)(a)-(c) factors are satisfied, the

circuit court still had the discretion to deny Campbell's request for expungement as was done in *Frantz.*

Under subsection [(5)], the circuit court "may" vacate the judgment of conviction provided the court finds that the person did not have a previous felony expunged under the statute, had not been convicted of a felony/misdemeanor within five years, and does not have a current felony/misdemeanor proceeding impending. KRS 431.073[(5)]. If the circuit court decides to vacate the judgment of conviction, the circuit court "shall" dismiss all charges and order all records expunged. By use of the term "may" in subsection [(5)], the circuit court is vested with discretion to initially decide whether to grant expungement provided the statutory criteria of KRS 431.073[(5)](a-c) are satisfied. However, if the circuit court decides to grant expungement, KRS 431.073[(5)] is clear that the court "shall" dismiss all charges with prejudice and expunge all records related to the felony convictions. As to these statutory mandates, the circuit court possesses no discretion.

In this case, it is undisputed that Frantz satisfied the statutory criteria set forth in KRS 431.073[(5)](a-c). As the statutory criteria of KRS 431.073[(5)](a-c) was fulfilled, the circuit court possessed discretion to grant or deny Frantz's application for expungement of his felony convictions. In denying the application, the circuit court found that Frantz had never "taken responsibility for his actions." The court was particularly troubled by an essay Frantz wrote at the court's request. The court noted that in the essay Frantz "only discussed the impact to himself. He pushes blame and responsibility to the victim and his co-defendant." Considering the circuit court's reasons set forth for denying Frantz's application for expungement, we simply cannot conclude that the court abused its discretion or failed to make sufficient findings

-9-

of fact under KRS 431.073. In short, the circuit court complied with KRS 431.073.[1]

*Frantz*, 2018 WL 3954293, at *2.

There is no due process right to an expungement, as "expungement is not a *right* but a statutory *privilege* – a privilege the General Assembly has no obligation to provide at all and which it may therefore provide subject to conditions that our Courts are not at liberty to ignore." *Fisher v. Commonwealth*, 599 S.W.3d 890, 893 (Ky.App. 2020) (footnote omitted). Therefore, as the majority opinion acknowledges, Campbell had no right to an expungement if he met each of the mandatory preconditions as set out in KRS 431.073(5)(a)-(c); instead, expungement was still ultimately left to the discretion of the circuit court.

I will not assume that just because the Commonwealth made an argument which erroneously interpreted the language of the expungement statute, the circuit court must have thereby accepted and applied this erroneous argument to conclude that expungement was prohibited. I will not diminish the circuit court's ability to independently decide to deny expungement without reliance on the Commonwealth's erroneous argument.

---

[1] *Frantz* was decided before an amendment to KRS 431.073, through 2019 Kentucky Laws Ch. 188 (SB 57), resulted in what had been KRS 431.073(4) being renumbered as KRS 431.073(5). However, the 2019 amendments did not result in any substantive changes to this subsection which would be applicable to Campbell. For ease, I have bracketed the changed subsection number. It is appropriate to rely on this unpublished case pursuant to CR 76.28(4)(c).

While the circuit court's finding was brief, it was an appropriate exercise of its discretion for it to deny expungement because Campbell was still serving time on a new charge. This is just as valid an exercise of discretion as that in *Frantz*. Campbell does not dispute that he is currently serving time on other charges. Circuit courts have enough responsibilities without having to hold new hearings to reach the same result.

Accordingly, I dissent.

BRIEFS FOR APPELLANT:

Aaron Campbell, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

James Havey
Assistant Attorney General
Frankfort, Kentucky